## CIRCUIT COURT OF AMHERST COUNTY

W. Thomas Berry,
Administrator
of the Estate of
Christopher A. Hodnett,
deceased

v.

Progressive Northern Ins. Co. et al.

June 17, 2002

Case No. CL 5490

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to render the opinion of the Court in the above case. In this regard, I find in favor of the plaintiff and rule that Allstate Insurance Company is required to defend and indemnify the estate of Christopher A. Hodnett in the case of *Eric Walter West v. W. Thomas Berry, Administrator of the Estate of Christopher A. Hodnett, deceased*, CL5211, Circuit Court of Amherst County.[1] My reasons for this ruling are set forth below.

Tracy West, was injured in an automobile accident occurring on April 18, 1997. Christopher A. Hodnett was the driver of the vehicle. Hodnett was killed in the accident.

At the time of the accident, Tracy Irvin Peters ("Irvin") was the owner of the 1995 Dodge Neon which Hodnett was driving. Irvin was also a passenger in the automobile. She had given Hodnett permission to drive the automobile because she had consumed too much alcohol to drive.

---

[1] An opinion is this case is printed above at page 3. [Reporter's Note]

The Dodge Neon had originally been purchased for Irvin by her father after she graduated from high school in 1995. It was initially titled in the name of Dennis Irvin, her father. In March 1996, Dennis Irvin transferred title and ownership of the Dodge Neon to Tracy Irvin. At that time, she was living in her father's home. Later in 1996, she moved to Myrtle Beach, back to her mother's home, then to an apartment, and then back to her mother's home in January 1997. She stopped making payments on the automobile in early 1997. Her father took possession of the car when she failed to make the payments.

Thereafter, in March 1997, her father allowed her to have possession of the car again. On direct examination she said that her father told her to "use the car for what I needed it for." On cross-examination she said that she understood that her father would place restrictions on the use of the car and that he said she would be allowed to use the car to go back and forth to work, and back and forth to the Air Force recruiter.

Even though the Dodge Neon had been titled in the name of Tracy Irvin, it remained an insured vehicle on the automobile liability policy of Dennis Irvin through Allstate Insurance Company. There was no issue at trial raised about notification to Allstate about the change in title ownership of the vehicle from Dennis Irvin to Tracy Irvin.

Allstate maintains Christopher Hodnett did not have permission of Dennis Irvin to operate the Dodge Neon on the night of the accident. It is the position of Allstate that consent must be given by the named insured under the Allstate policy rather than the title owner of the motor vehicle. Plaintiff, on the other hand, maintains Tracy Irvin was given general use of the vehicle by virtue of the legal title and possession granted by her father.

It is established in Virginia permissive use must flow from the named insured to the user of the vehicle. *Virginia Farm Bureau Ins. v. Apco*, 228 Va. 72, 77 (1984). Thus, even though title may be vested in Tracy Irvin, consent still must be given by Dennis Irvin, the named insured. Further, where the named insured has given "general use" of the vehicle to another, and that person allows a third person to drive the vehicle, permission from the named insured to the third person to drive the vehicle will be implied. *Virginia Farm Bureau Ins. v. Apco, supra*, at 77-78.

The issue of whether there is general permission to use the vehicle is generally a question of fact. *Virginia Farm Bureau Ins. v. Apco, supra*, at 78; *Hinton v. Indemnity Ins. Co.*, 175 Va. 205, 213, 8 S.E.2d 279 (1940).

In the instant case, the evidence unequivocally established that Dennis Irvin titled the vehicle in the name of Tracy Irvin in 1996. Thereafter, from 1996 until early 1997, Tracy Irvin was allowed general and unrestricted use of the vehicle consistent with her unfettered legal title to the vehicle. Thereafter,

when Tracy Irvin was given the possession of the vehicle again in 1997, the evidence is extremely equivocal as to whether Dennis Irvin placed any restrictions on the vehicle. Dennis Irvin did not testify. At one point, Tracy Irvin indicated that she could use it as she saw fit, and, at another point, she testified that she could drive it to and from work and to and from the recruiter. This Court finds by the greater weight of the evidence that general permission still vested in Tracy Irvin to use the vehicle after the vehicle was given to her again in 1997. Accordingly, Allstate must give coverage and afford a defense.

An argument was also made at trial that this is a "non-owned" vehicle under the policy. The Court does not agree. It was a named vehicle under the insurance policy issued by Allstate. Allstate never contested the issue of the change of ownership. Therefore, under the terms of the Allstate policy, it is an owned vehicle and the non-owned vehicle provisions do not apply.